# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SAMUEL J. GARDNER,**

    **Plaintiff,**

**vs.**                                             **CASE NO. 4:07CV321-MP/AK**

**WILLIAM MEGGS, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action seeking damages for alleged constitutional violations attendant to his arrest and conviction in 1986 for capital sexual battery for which he is presently incarcerated. (Doc. 1). He sues the two law enforcement officers who arrested and interrogated him (Defendants Bradford and Daws) and the state attorney who prosecuted him (Defendant Meggs). (Doc. 1).

Although Plaintiff is proceeding pro se and he was granted leave to proceed in forma pauperis (doc. 3), the docket sheet indicates that he paid the full filing fee. (Doc. 5).

**I.**    **Standard of Review**

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652

(1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff's complaint is clearly without merit on at least two grounds. The acts he complains of occurred in 1986. The length of the limitations period is governed by state law. The statute of limitations for a claim brought in Florida pursuant to 42 U.S.C. §§ 1981 or 1983 is four years. Baker v. Gulf & Western Industries, Inc., 850 F.2d 1480 (1988); Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).

Also, he seeks damages resulting from an arrest for which he is presently incarcerated. Plaintiff claims that the officers' failure to advise him of his rights or acknowledge his status as a foreign national resulted in his illegal conviction.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for an allegedly

**No. 4:07cv321-MP/AK**

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003, quoting Heck, 512 U.S. at 486-487. " A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983." Heck, 512 U.S. at 487.

Finally, his claim against Defendant Meggs is barred by absolute immunity. Plaintiff claims that Defendant Meggs prosecuted him knowing he was a foreign national. Prosecuting attorneys are absolutely immune from their acts in initiating or pursuing criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the applicable statute of limitations and

**No. 4:07cv321-MP/AK**

absolute immunity, as to Defendant Meggs, and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this  **15th** *d*ay of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv321-MP/AK**