IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL J. GARDNER,

    Plaintiff,

v.                                                   CASE NO. 4:07-cv-00321-MP-AK

WILLIAM MEGGS, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 6, Report and Recommendation of the Magistrate Judge, which recommends that Plaintiff's case be dismissed for failure to state a claim. The Magistrate Judge filed the Report and Recommendation on Monday, October 15, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this case, Plaintiff has filed objections to the Magistrate's Report. Doc. 7.

Plaintiff's complaint states that in 1986, the Defendants in this case violated his civil rights by failing to advise him of his rights or acknowledge his status as a foreign national, which resulted in his illegal conviction. In the Report, the Magistrate states that because the acts complained of occurred in 1986, they are outside of the four-year statute of limitations for a claim brought in Florida pursuant to 42 U.S.C. §§ 1981 or 1983. Also, the Magistrate notes that Plaintiff is seeking damages for an arrest and conviction that have not been invalidated, which is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Finally, the Magistrate states that Defendant Meggs, a Florida state attorney, is absolutely

immune from suit for initiating or pursuing the criminal prosecution against the Plaintiff.

In his objections, Plaintiff states that he is not bringing suit under § 1983, but rather under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. Specifically, Plaintiff claims that he is a foreign national, and that the Defendants violated his right to consular notification under Article 36 of the Vienna Convention on Consular Relations ("Vienna Convention"), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, 596 U.N.T.S. 261. The ATS provides that the "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. Since Plaintiff is bringing suit for violation of a right allegedly conferred by a treaty, the Court finds that it is immaterial at this point whether Plaintiff brings suit under § 1983 or the ATS. It is undisputed that Congress ratified the Vienna Convention, and that Article 36 of the Vienna Convention provides for informing a foreign national of the right to consular notification after their arrest. Therefore, the question here is whether Congress, by ratifying the Vienna Convention, intended to create private rights and remedies enforceable in American courts by individual foreign nationals who are arrested or detained in this country.

While the United States Constitution provides that ratified treaties are to be regarded as the law of the land, these treaties do not generally create rights that are privately enforceable in the federal courts. The Eleventh Circuit has not addressed the issue of whether Article 36 creates rights enforceable by individuals, but has indicated that it will follow the lead of the First and Ninth Circuits. See United States v. Cordoba-Mosquera, 212 F.3d 1194, 1196 (11th Cir.2000). In Cornejo v. County of San Diego, --- F.3d ----, 2007 WL 2756964 (9th Cir.2007), the Ninth Circuit held that Article 36 does not unambiguously give defendants a privately

enforceable right to be notified. The First Circuit, while not ruling on this issue, has also indicted that Article 36 does not create privately enforceable rights:

> Nothing in [its] text explicitly provides for judicial enforcement of their consular access provisions at the behest of private litigants . . . the treaties contain no explicit language conferring on private citizens rights enforceable in court, and there is nothing in the character of the subject matter that compels (or even suggests) an inference in favor of private rights.

United States v. Li, 206 F.3d 56, 66-67 (1st Cir.2000) (en banc) (Selya & Boudin, JJ., concurring). The majority and concurring judges in Li recognized that the U.S. State Department has consistently taken the position that the Vienna Convention does not establish rights of individuals, but only state-to-state rights and obligations. The only circuit to find that Article 36 creates an enforceable remedy is the Seventh Circuit. See Jogi v. Voges, 480 F.3d 822 (7th Cir.2007). The other circuits, however, seem to reject this reasoning. See United States v. Jimenez-Nava, 243 F.3d 192, 197-98 (5th Cir.2001) (rejecting argument that Article 36 creates enforceable individual rights); United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir.2001)(same); United States v. Santos, 235 F.3d 1105, 1108 (8th Cir.2000)(Beam, J., concurring)(stating that the Convention confers "no individually enforceable right under Article 36 to be informed of a right to consular notification.").

The Court finds that based on the reasoning of the vast majority of the circuits, and the interpretation of the U.S. State Department, Article 36 does not create an individual right enforceable by the Plaintiff. Because Plaintiff's claim is founded on an Article 36 violation, the Court agrees with the Magistrate that Plaintiff has failed to state a claim, and that his case must be dismissed. Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This case is DISMISSED as barred by the applicable statute of absolute immunity, as to Defendant Meggs, and for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this   *30th* day of October, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge